UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| | |
|---|---|
| Appeal Number | 23-1109 |
| Case Name | Eric Coomer v. Make Your Life Epic LLC, , d/b/a Thrivetime Show, and Clayton Thomas Clark |
| Party or Parties Filing Notice of Appeal Or Petition | Defendants Make Your Life Epic, LLC, d/b/a Thrivetime Show, and Clayton Thomas Clark |
| Appellee or Respondent | Plaintiff Eric Coomer |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.     APPEAL FROM DISTRICT COURT**

   **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket: March 7, 2023.

   **2.**   Date notice of appeal was **filed**: April 6, 2023.

   **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): Fed.R.App.P. 4(a)(1).

   **a.**   Was the United States or an officer or an agency of the United States a party below?  No.

   **b.**   Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No.

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   None.

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   Not applicable.

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No.

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? No.

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? No.

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? 28 U.S.C. § 1291. *See Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 664-65 (10th Cir. 2018) (collateral order doctrine).

## II. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

Plaintiff Eric Coomer, an employee of Dominion Voting Systems, brought this civil action alleging defamation, intentional infliction of emotional distress, and civil conspiracy based on alleged defamatory publications made by Defendant Clayton Thomas Clark and Make Your Life Epic, LLC, on their podcast ThriveTime Show and at their ReAwaken

America Tour. Defendants filed a special motion to dismiss the Complaint pursuant to Colorado's anti-SLAPP statute, Colo. Rev. Stat. § 13-20-1101, on the ground that their statements were acts in furtherance of their right of free speech under the United States Constitution and Colorado Constitution in connection with a public issue, and that Plaintiff could not establish a "reasonable probability" of prevailing on his claims because he cannot establish by clear and convincing evidence that Defendants acted with "actual malice" in making their allegedly defamatory statements. (Doc. 24).

In its March 7, 2023 Order (Doc. 45), the district court found that § 13-20-1101 applied in federal court and that Defendants had established that gravamen of this case falls within the scope of the anti-SLAPP statute. Although the court did not identify the specific statements alleged to be defamatory the court nevertheless denied the special motion to dismiss, finding that "at least some of the statements attributed to Defendants are defamatory," that "There is substantial circumstantial evidence in the declarations that Defendants acted with reckless disregard of the truth," and that "[F]ailure to pursue the most obvious available sources of possible corroboration or refutation may clearly and convincingly evidence a reckless disregard for the truth." The district court did not address Defendants' argument that Plaintiff's infliction of emotional distress claim was barred as based on Defendants' exercise of their First Amendment rights.

### III. PRELIMINARY STATEMENT OF ISSUES TO BE RAISED IN THIS APPEAL.

Did the district court err in denying Defendants' special motion to dismiss under Colo. Rev. Stat. § 13-20-1101?

Did the district court err in finding that Plaintiff presented sufficient evidence of actual malice by clear and convincing evidence to establish a "reasonable likelihood" of prevailing on his claims?

Did the district court err in applying a negligence standard to Plaintiff's claims notwithstanding that Colorado requires a showing of actual malice?

### IV. ATTORNEY FILING DOCKETING STATEMENT:

Name: Thomas B. Quinn. Telephone: (303) 534-5160

Firm: Gordon Rees Scully Mansukhani LLC

Email Address: tquinn@grsm.com

Address: 555 17th Street, Suite 3400, Denver, Colorado 80202

| /s/Thomas B. Quinn | April 21, 2023 |
|---|---|
| Signature | Date |

# CERTIFICATE OF SERVICE

    I, Thomas B. Quinn, hereby certify that on April 21, 2023 , I served a copy of the foregoing **Docketing Statement b**y the Court's CM ECF system to:

Charles J. Cain, Esq.
Bradley A. Kloewer, Esq.
Steve Skarnulis, Esq.
Zachary H. Bowman, Esq.
Cain & Skarnulis PLLC
P. O. Box 1064
Salida, CO 81201

Thomas J. Rogers III, Esq.
Mark Grueskin, Esq.
RechtKornfeld PC
1600 Stout Street, Suite 1400
Denver, CO 80202

    */s/Thomas B. Quinn*
Signature

April 21, 2023
Date

Thomas B. Quinn
Gordon Rees Scully Mansukhani LLC
555 17th Street, Suite 3400
Denver, CO 80202