No. 23-1109

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE TENTH CIRCUIT

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW
and CLAYTON THOMAS CLARK, individually,
*Appellants*

vs.

ERIC COOMER, PH.D.,
*Appellee*

On Appeal from the United States District Court for the District of Colorado
Honorable William J. Martinez
No. 1:21-cv-03440-WJM-KLM

### APPELLEE'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Appellee Eric Coomer, Ph.D., through counsel, moves this Court for a dismissal based on lack of appellate jurisdiction because (1) Appellants cannot utilize a state statute to obtain jurisdiction in a federal appellate court, (2) Appellants failed to petition for a permissive appeal, and (3) Appellants cannot meet the elements for an appeal under the collateral order doctrine.

### CERTIFICATE OF CONFERRAL

Pursuant to Tenth Circuit Local Rule 27.1, counsel for Appellee has conferred with counsel for Appellants on the relief requested. Appellants oppose the relief requested in this Motion.

This Circuit has not yet addressed whether an appeal lies from a federal court's order denying relief under the Colorado anti-SLAPP statute when sitting in diversity. But this Court's decision in *Los Lobos* regarding the New Mexico anti-SLAPP statute and the language of the Colorado anti-SLAPP statute make clear that any right to an appeal of a merits-based decision on the anti-SLAPP statute only exists in state court litigation, not in federal court. *See Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 664 (10th Cir. 2018).

## I.     BACKGROUND

Appellee Eric Coomer, Ph.D (Coomer or Appellee) filed his suit for defamation, intentional infliction of emotion distress, conspiracy, and injunctive relief in November 2021. Appellants filed their special motion to dismiss the underlying suit pursuant to the Colorado anti-SLAPP statute, C.R.S. § 13-20-1101 (the anti-SLAPP Motion). *See* **Ex. A**, [Dkt. 24]. The district court denied the anti-SLAPP Motion on March 7, 2023 (the March 7 Order). *See* **Ex. B**, [Dkt. 45]. On April 6, 2023, Appellants filed a notice of appeal of the March 7 Order. *See* **Ex. C**, [Dkt. 56].

## II.     ARGUMENT

**A.     The Colorado anti-SLAPP statute does not govern whether Appellants have a right to appeal the denial of their special motion to dismiss filed in federal court.**

The Colorado anti-SLAPP statute grants the right to appeal for "an order granting or denying a special motion to dismiss . . . ***to the Colorado court of appeals*** pursuant to section 13-4-102.2." CRS § 13-20-1101(7) (emphasis added).

"State laws that solely address procedure and do not 'function as part of the State's definition of substantive rights and remedies' are inapplicable in federal diversity actions." *Los Lobos*, 885 F.3d at 668. Like the New Mexico anti-SLAPP statute considered in *Los Lobos*, the Colorado anti-SLAPP statute is "not designed to influence the *outcome* of an alleged SLAPP suit but only the *timing* of that outcome." *Id.* at 673 (emphasis in original). In *Los Lobos*, this Court explained:

> . . . the statute provides a movant the "right" to have a trial court promptly review the merits of the case (and, if necessary, the "right" to have an appellate court do so as well), so as to limit any harm engendered by the "baseless" lawsuit defined in N.M. Stat. Ann. § 38-2-9.2. But rest assured, if the merits of the case justify liability, a defendant will be held liable notwithstanding the anti-SLAPP statute, unless the defendant presents a successful defense wholly unrelated to the anti-SLAPP statute. A defendant's reliance on § 38-2-9.1 will not alter the suit's outcome because it does not provide a defendant the right to avoid liability apart from a separate determination of the suit's underlying merits. The proper course is to recognize the New Mexico anti-SLAPP statute as a procedural mechanism for vindicating existing rights and nothing more.

*Id.* at 673-74.

In *Los Lobos*, this Court explained that the New Mexico anti-SLAPP statute did not grant any substantive rights to a litigant (recognizing other anti-SLAPP statutes might), but merely alters how claims are processed. *Id.* at 670. The New Mexico anti-SLAPP statute similarly provides for an "expedited appeal" from a court's ruling on the anti-SLAPP motion. *See* N.M. Stat. Ann. § 38-2-9.1.

Here, the Colorado anti-SLAPP statute only provides a right to appeal "to the Colorado Court of Appeals," not the Tenth Circuit or any federal court of appeals. The statute similarly grants litigants a *procedural* right to appeal as the New Mexico

anti-SLAPP statute. *See* N.M. Stat. Ann. § 38-2-9.1. Therefore, under this Court's holding in *Los Lobos*, Appellants have no procedural right to appeal in federal court under the Colorado anti-SLAPP statute because federal law governs that right.

**B.      Under federal law, Appellants have not petitioned for permission to appeal under 28 U.S.C. § 1292.**

The availability of an interlocutory appeal in a federal proceeding is governed by 28 U.S.C. § 1292. "As a prerequisite to jurisdiction under these circumstances, we generally require a petition for permission to appeal." *Los Lobos*, 885 F.3d at 664 (*citing Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1175 (10th Cir. 2005). The Tenth Circuit has specifically rejected the notion that a party's notice of appeal may serve as such a petition. *Los Lobos*, 885 F.3d at 664 (*citing Hellerstein v. Mr. Steak, Inc.*, 531 F.2d 470, 472 (10th Cir. 1976).

Appellants had ten days from the date of the March 7 Order in which to petition for permission to file an interlocutory appeal, but failed to do so. *See* 28 U.S.C. § 1292(b). The March 7 Order was issued thirty days before the filing of Appellants' Notice of Appeal [Dkt. 56]. As a result, Appellants do not have access to an interlocutory appeal simply by virtue of the March 7 Order.

**C.      There is no basis for appellate jurisdiction under the collateral order doctrine because the district court's order did not resolve an issue separate from the merits of the case.**

Having not petitioned for permission to appeal, the only basis to confer appellate jurisdiction is through narrowly limited types of "collateral" interlocutory orders. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). To fall into this category

of decisions, "an appellant 'must establish that the district court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment.'" *Arbogast v. Kansas, Dep't of Labor*, 789 F.3d 1174, 1179-80 (10th Cir. 2015); *Farmlands Partners Inc. v. Fortunae*, No. 18-cv-02351-KLM, 2019 WL 3456932 (D. Colo. July 31, 2019). It is Appellants' burden to establish each element of the "stringent" collateral order doctrine. *Kell v. Benzon*, 925 F.3d 448, 452 (10th Cir. 2019) (*citing Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 997 (10th Cir. 1996) (stating that the collateral order doctrine "does not apply unless each of the three requirements are met.")).

This Court's jurisdiction over this matter fails under the second element, because the underlying order was issued under Rule 56 standards and directly considered the merits of the case. The collateral order doctrine only applies when the order appealed involves an important issue that is *not intertwined* with the merits. *Kell*, 925 F.3d at 453 (*citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)).

The Court's recent decision in *Los Lobos* is instructive. In *Los Lobos*, the defendants filed a motion to dismiss the plaintiffs' complaint pursuant to New Mexico's anti-SLAPP statute. In response, the plaintiff argued that the New Mexico anti-SLAPP statute did not apply in federal court, and the district court agreed. *Los Lobos*, 885 F.3d at 665. This Court then held that the district court's decision that the statute did not apply satisfied the collateral order doctrine, but distinguished that an order on the merits of such a motion would be treated differently. This Court stated:

> **It is one thing for a court to consider a New Mexico anti-SLAPP motion, apply the New Mexico anti-SLAPP statute, and deny the motion under the statute.** *Cf., e.g.*, *Schwern v. Plunkett*, 845 F.3d 1241, 1243-45 (9th Cir. 2017) (Oregon law); *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-81 (5th Cir. 2009) (Louisiana law). It is entirely a different matter for the court to refuse to apply the anti-SLAPP statute at all. **In the first scenario, the court must determine whether the special motion to dismiss is frivolous or available on its own terms, as well as whether or not to grant it.** *See* N.M. Stat. § 38-2-9.1A-B. **These determinations necessarily turn on the merits of the lawsuit.** *See Ernst v. Carrigan*, 814 F.3d 116, 118-19 (2d. Cir. 2016).

*Id*. (emphasis added).

The Court then allowed the interlocutory appeal to proceed because the district court's order turned on the latter scenario described above, *not* the former, which the Tenth Circuit expressly held necessarily implicates the merits of the dispute.

Here, there can be no dispute that the March 7 Order considered Colorado's anti-SLAPP statute and denied Appellants' motion under the statute. *See* Ex. B. The district court spent several pages considering the statute, (Ex. B, March 7 Order at pp. 5-11, 16-17), and then engaged in a lengthy fact intensive analysis addressing the merits of the case and applying the statute to those facts (Ex. B, March 7 Order at pp. 12-16, 17-25). That the Court engaged in a merits-based analysis is further supported by reference to the standards on which the Court based its ruling. As the Court expressly noted, "[b]ecause the Court finds Defendants' challenge is factual in nature, it holds that the Rule 56 standard and approach applies." *Id*. at p. 16 (*citing Moreau v. United States Olympic & Paralympic Comm*., -- F.Supp.3d --, 2022 WL 17081329, at *7, 10-12). This factual inquiry is necessarily merits based, as discussed in *Los Lobos*.

Appellee is not aware of any subsequent Tenth Circuit case overturning the express finding in *Los Lobos*[1] that an order such as that at issue here necessarily turns on the merits of the lawsuit, thus disqualifying it from appellate consideration under the collateral order doctrine. As noted above, Appellants did not petition for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). As a result, the only two avenues to interlocutory appellate review are thus foreclosed, and the appeal should be dismissed.

Sound policy supports the dismissal of this appeal. As this Court explained in *Kell*, "the requirement of complete separation is designed to avoid piecemeal appellate review." *Kell*, 925 F.3d at 453 (*citing Van Cauwenberghe v. Baird*, 486 U.S. 517, 527 (1988)). The requirement is intended to insulate against the risk that the Court could face multiple appeals with overlapping issues, including when the Court "could face the same issues after a final judgment (even if the interlocutory appeals individually involved different issues)." *Id*. at 454. Here, that risk is clear. The March 7 Order made findings with respect to the actual malice standard, the sufficiency of Appellee's evidence for purposes of satisfying various elements of his different causes of action, and the admissibility of multiple sworn declarations. All of these issues could conceivably be raised again in a subsequent appeal following final judgment in this matter.

---

[1] Appellee acknowledges potential contrary authority from the Ninth Circuit. *See DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009 (9th Cir. 2013). However, this ruling was not referenced by the Tenth Circuit in *Los Lobos*.

**D.     Appellee can show good cause for the timing of this Motion.**

Tenth Circuit Local Rule 27.3(A)(3)(a) provides that a motion to dismiss an appeal for lack of appellate jurisdiction "should be filed within 14 days after the notice of appeal is filed, unless good cause is shown."

Within days of Appellants filing their notice of appeal on April 7, 2023, the district court held a status conference regarding the effect of the appeal. *See* **Ex. D**, [Dkt. 60, Courtroom Minutes]. During that status conference, the parties argued whether an automatic stay of the underlying proceedings applied in light of the appeal. The district court ordered Appellants to file a motion for stay and Appellees to file a response pursuant to a shortened briefing schedule. *Id.* Appellants filed their motion for stay on April 14, 2023, **Ex. E**, [Dkt. 61], and Appellee filed his response on April 19, 2023, **Ex. F**, [Dkt. 63]. In Appellants' reply brief filed on April 21 [Dkt. 65], **Ex. G**, Appellants argued multiple times that any decision regarding this Court's jurisdiction over the appeal (and the resulting jurisdiction of the trial court to permit discovery), could be decided by this Court only. Therefore, after first adhering to the shortened briefing schedule ordered by the district court, Appellee has filed this Motion and urges there is good cause for its filing outside of fourteen days.

In addition, this Court has noted that Local Rule 27.3(A)(3)(a) merely provides that this type of motion "should" be filed within fourteen days of a notice of appeal and does not create a mandatory requirement. *See U.S. v. Caldwell*, 499 Fed. Appx. 760, 762 n. 3 (10th Cir. Oct. 11, 2012).

### III.  CONCLUSION

Appellants have no right to appeal in federal court a denial of their special motion to dismiss.  Under federal law, Appellants failed to petition for permission to appeal and cannot satisfy all three elements of the collateral order doctrine.  Appellee Eric Coomer, Ph.D. respectfully requests that the Court dismiss this appeal for lack of jurisdiction and remand for further proceedings, and for any other and further relief to which he may be entitled.

Respectfully submitted this 27th day of April 2023.

            */s/ Charles J. Cain*
            Charles J. Cain
            ccain@cstrial.com
            Bradley A. Kloewer
            bkloewer@cstrial.com
            David E. Jennings
            djennings@cstrial.com
            **CAIN & SKARNULIS PLLC**
            P. O. Box 1064
            Salida, Colorado 81201
            719-530-3011
            512-477-5011—Facsimile

            Zachary H. Bowman
            zbowman@cstrial.com
            **CAIN & SKARNULIS PLLC**
            303 Colorado Street, Suite 2850
            Austin, Texas 78701
            512-477-5000
            512-477-5011—Facsimile
            **ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2023, a true and correct copy of the foregoing Appellee's Motion to Dismiss was filed with the Court using the CM/ECF Filing System which will send notification of such filing to:

>Thomas B. Quinn
>tquinn@grsm.com
>Melissa A. Wiese
>mwiese@grsm.com
>**GORDON REES SCULLY MANSUKHANI LLP**
>555 17th Street, Suite 3400
>Denver, Colorado 80202
>303-534-5160
>***Counsel for Appellants***

>>>> */s/ Charles J. Cain*
>>>> Charles J. Cain, No. 51020