IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| ERIC COOMER, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23-1109 |
| | ) | |
| MAKE YOUR LIFE EPIC LLC dba | ) | |
| THRIVETIME SHOW | ) | |
| and CLAYTON THOMAS CLARK, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

_____

**RESPONSE TO MOTION TO DISMISS APPEAL**
_____

Defendants-Appellants Make Your Life Epic LLC dba Thrivetime Show and

Clayton Thomas Clark, by undersigned counsel, submit the following response to

Plaintiff-Appellee's Motion to Dismiss Appeal pursuant to F.R.A.P. 27(a)(3) and

10TH CIR. R. Rule 27.3(A)(4):

## I.      The Colorado Anti-SLAPP statute.

In July 2019, Colorado enacted Colo. Rev. Stat. § 13-20-1101, commonly

known as Colorado's anti-SLAPP (Strategic Lawsuit Against Public Participation)

statute. A SLAPP suit is a lawsuit brought in retaliation for the defendant's exercise

of First Amendment rights of speech or petition. *See* G. Pring & P. Canan, SLAPPs:

GETTING SUED FOR SPEAKING OUT (1996). The anti-SLAPP statute allows

defendants who have been sued for exercising their First Amendment rights to file a

special motion to dismiss the lawsuit, which must be decided early in the case to protect defendants from the expense of unnecessary discovery and trial. Section 13-20-1101(a) declares that the General Assembly enacted the statute to "encourage continued participation in matters of public significance," so that such participation would not be "chilled through abuse of the judicial process." The stated legislative purpose of the statute "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law." Section 13-20-1101(1)(b). By enacting anti-SLAPP legislation, Colorado's General Assembly followed the lead of 30 other states, particularly California, in bolstering the protections provided by the First Amendment and article II, § 10 of the Colorado Constitution.

The anti-SLAPP statute provides protection for certain speech made in certain fora. Specifically, § 13-20-1101(2)(a)(IV) defines "act in furtherance of a person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue" to include any "conduct or communication in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." "[T]he anti-SLAPP statute seeks to balance both parties' constitutionally protected interest in petitioning the government, be it by participating in the legislative process, invoking the government's administrative or

executive authority..., or instigating litigation to protect or vindicate one's interests." *Salazar v. Pub. Trust Inst.*, 522 P.3d 242, 246 (Colo. App. 2022). To this end, § 13-20-1101(3)(a) provides that "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue is subject to a special motion to dismiss unless the court determines that the plaintiff has established that there is a reasonable likelihood that the plaintiff will prevail on the claim."

Colorado's anti-SLAPP law is copied nearly verbatim from California's anti-SLAPP law, CAL. CIV. PROC. CODE § 425.16. *See* W. Forman & C. White, Colorado Enacts Anti-SLAPP Law - Lexology, July 1, 2019; *L.S.S. v. S.A.P.*, 523 P.3d 1280, 1286 (Colo. App. 2022) (noting California's anti-SLAPP statute "is substantively identical to the Colorado statute"). Like § 13-20-1101, § 425.16 was enacted to "encourage continued participation in matters of public significance." *Equilon Enterp. v. Consumer Cause, Inc*., 52 P.3d 685, 689 (Cal. 2002), and it has been held to apply in federal court under the *Erie* Doctrine. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co*., 190 F.3d 963, 973 (9th Cir. 1999) (although framed as a rule of state procedure, California's anti-SLAPP statute protects substantive rights and thus applies in federal court). Because Colorado's anti-SLAPP statute closely resembles California's, Colorado courts look to California case law for guidance in

the process for considering a special motion to dismiss. *See L.S.S.*, 523 P.3d at 1286; *e.g.*, *Moreau v. U.S. Olympic & Paralympic Comm.*, No. 1:20-cv-00350-CNS-MEH, 2022 WL 17081329, *2 (D. Colo. Nov. 18, 2022) ("Because Colorado's anti-SLAPP statute 'tracks California's [anti-SLAPP] statute almost exactly,' state and federal courts have turned to California courts' interpretation of California's anti-SLAPP statute in construing and applying Colorado's anti-SLAPP statute."); *Stevens v. Mulay*, No. 19-cv-01675-REB-KLM, 2021 WL 1153059, *2 n.7 (D. Colo. Mar. 26, 2021) ("[B]ecause Colorado's anti-SLAPP law is relatively new and untested, and given that it tracks California's statute almost exactly, it is appropriate to draw from the more well-established body of authority interpreting the California law.").

 In *Salazar*, the Colorado Court of Appeals examined the anti-SLAPP statute and articulated the standard of review for special motions to dismiss.  The court explained while an anti-SLAPP motion resembles a Rule 12(b) motion to dismiss for failure to state a claim, a summary judgment motion, and a motion for preliminary injunction, it nonetheless differs in significant ways:

> For example, the question is not merely whether the claim asserts a plausible basis for relief, but whether the plaintiff has a reasonable likelihood of success. The question is not whether undisputed facts demonstrate that one party is entitled to judgment but whether any material disputes of fact are reasonably likely to be resolved in the plaintiff's favor. And the question is not whether the court should grant *preliminary* injunctive relief (which can, of course, be revisited at a later point in the litigation) but whether the case should be dismissed with prejudice.

522 P.3d at 248 (citation omitted).

Thus, *Salazar* concluded that review of a special motion to dismiss is to determine whether the plaintiff has established "a reasonable likelihood of prevailing" on the claim. *Id*. The court must "consider first whether the motion and supporting affidavit establish a prima facie case that the plaintiff's cause of action falls within the anti-SLAPP statute—that is, whether the claim arises from an act 'in furtherance of the [defendant's] right of petition or free speech ... in connection with a public issue.'" *Id.*; *see also* § 13-20-1101(3)(a). If so, the court "then consider[s] the pleadings and the supporting and opposing affidavits to determine whether the nonmoving party (the plaintiff) has established a reasonable likelihood of success on his claim." *Id*. The court must review "the pleadings and the evidence to determine whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment." *L.S.S.*, 523 P.3d at 1286. In so doing, "[t]he court does not weigh evidence or resolve conflicting factual claims" but simply "accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law." *Id*.

If the court determines the plaintiff has no reasonable likelihood of prevailing on the claim, then it must dismiss the claim, "the idea being to weed out lawsuits that are not being used to address a legal injury, but instead seek to dissuade another

- 5 -

from exercising their First Amendment rights." *Creekside Endodontics, LLC v. Sullivan*, 527 P.3d 424, 429 (Colo. App. 2022). If, on the other hand, the court determines the plaintiff has established a reasonable likelihood of prevailing on the claim, "neither that determination nor the fact of that determination is admissible in evidence at any later stage of the case or in any subsequent proceeding." § 13-20-1101(3)(c). As this subsection makes clear, if the court denies a special motion to dismiss, its ruling does not become the law of the case but rather becomes inadmissible and hence irrelevant to the merits of the case. In denying an anti-SLAPP motion to dismiss, therefore, the court does not make a determination on the merits, only that it has evaluated the pleadings and proffered evidence and found them sufficient to withstand dismissal. *L.S.S.*, 523 P.3d at 1288 (noting "California courts only require a plaintiff to meet a 'minimal merit' standard to survive an anti-SLAPP motion — that is, the plaintiff only needs to state a claim and substantiate it with a prima facie showing of evidence that would support a favorable judgment.").

Although § 13-20-1101(7) provides that an order granting or denying a special motion to dismiss is appealable to the Colorado Court of Appeals pursuant to Colo. Rev. Stat. § 13-4-102.2, Defendants do not rely on this subsection to confer jurisdiction on this Court, nor do they rely on 28 U.S.C. § 1292. Instead, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 under the collateral order doctrine.

## II.    Orders denying anti-SLAPP motions to dismiss are appealable under the collateral order doctrine.

Under the collateral order doctrine, an interlocutory order that is not a final judgment is nevertheless appealable under § 1291. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). As explained in *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, "final decisions" under § 1291 include not only judgments that terminate an action, but also a "small class" of prejudgment orders that are "collateral to" the merits of an action, "too important to be denied" immediate review, and "too independent of the cause itself" to justify waiting for a final adjudication:

> A party asserting jurisdiction under *Cohen*'s collateral order doctrine must show that the district court's order: (1) "conclusively determine[d] the disputed question," (2) "resolve[d] an important issue completely separate from the merits of the action," and (3) is "effectively unreviewable on appeal from a final judgment."

885 F.3d 659, 664 (10th Cir. 2018) (citation omitted).

Two Circuits that have addressed the issue have held that an interlocutory order denying a motion to dismiss under a state anti-SLAPP statute is appealable under the collateral order doctrine. *See NCDR, LLC v. Mauze & Bagby, PLLC*, 745 F.3d 742, 748-50 (5th Cir. 2014) (district court's denial of motion to dismiss under Texas anti-SLAPP statute is immediately reviewable under the collateral order doctrine); *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 177 (5th Cir. 2009)

(order denying motion to dismiss under Louisiana's anti-SLAPP statute is immediately appealable under collateral order doctrine, in part because the statute "provides a right not to stand trial, as avoiding the costs of trial is the very purpose of the statute"); *DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009, 1016 (9th Cir. 2013) (order denying motion to strike under California's anti-SLAPP statute is immediately appealable under collateral order doctrine); *Batzel v. Smith*, 333 F.3d 1018, 1024-25 (9th Cir. 2003) (same).[1]

The leading Circuit to embrace interlocutory appeals from the denial of anti-SLAPP motions is the Ninth Circuit, applying California's anti-SLAPP law, CAL. CIV. PROC. CODE § 425.16, which is substantively identical to Colorado's. The Ninth Circuit held that in an appeal from an order denying an anti-SLAPP motion to dismiss, all three *Cohen* factors are met:

> First, the court's denial of Cremers's anti-SLAPP motion is conclusive as to whether the anti-SLAPP statute required dismissal of Batzel's suit....

---

[1] *Contra: Ernst v. Carrigan*, 814 F.3d 116, 117-21 (2d Cir. 2016). Several Circuits, including this one, have held that an appeal from an order holding that a state anti-SLAPP law does not apply in federal court is appealable under the collateral order doctrine. *See Los Lobos*, 885 F.3d at 664-65; *Godin v. Schencks*, 629 F.3d 79, 84 (1st Cir. 2010) (collateral order doctrine permitted interlocutory appeal of order denying motion to dismiss under Maine's anti-SLAPP law); *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 147-49 (2d Cir. 2013) (district court's denial of motion to dismiss under California's anti-SLAPP law constitutes an immediately appealable collateral order); *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1356-57 (11th Cir. 2014) (order denying motion to dismiss for failure to comply with Georgia's anti-SLAPP statute is immediately appealable collateral order).

- 8 -

.... Denial of an anti-SLAPP motion resolves a question separate from the merits in that it merely finds that such merits may exist, without evaluating whether the plaintiff's claim will succeed. *See* § 425.16(b)(3) ( "If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case...."). The purpose of an anti-SLAPP motion is to determine whether the defendant is being forced to defend against a meritless claim. The anti-SLAPP issue therefore exists separately from the merits of the defamation claim itself.

Because the anti-SLAPP motion is designed to protect the defendant from having to litigate meritless cases aimed at chilling First Amendment expression, the district court's denial of an anti-SLAPP motion would effectively be unreviewable on appeal from a final judgment. We find it instructive that California's anti-SLAPP statute provides that an order denying an anti-SLAPP motion may be appealed immediately. *See* § 425.16(j). This provision, along with the legislative history behind § 425.16, demonstrates that California lawmakers wanted to protect speakers from the trial itself rather than merely from liability.

If the defendant were required to wait until final judgment to appeal the denial of a meritorious anti-SLAPP motion, a decision by this court reversing the district court's denial of the motion would not remedy the fact that the defendant had been compelled to defend against a meritless claim brought to chill rights of free expression. Thus, a defendant's rights under the anti-SLAPP statute are in the nature of immunity: They protect the defendant from the burdens of trial, not merely from ultimate judgments of liability.

*Batzel v. Smith*, 333 F.3d 1018, 1024-25 (9th Cir. 2003).

Based on these factors, *Batzel* concluded it had jurisdiction under the collateral order doctrine over the district court's denial of an anti-SLAPP motion. Subsequently, the Ninth Circuit reaffirmed its holding in *Batzel* that an order denying a motion to strike pursuant to California's anti-SLAPP statute remains immediately

appealable under the collateral order doctrine. *DC Comics*, 706 F.3d at 1016.

Likewise, the Fifth Circuit concluded it had jurisdiction over appeals from orders

denying motions to dismiss under the anti-SLAPP laws of Texas and Louisiana

because all three *Cohen* conditions were satisfied. *Henry*, 566 F.3d at 175-77

(applying Louisiana law); *NCDR*, 745 P.3d at 751-52 (applying Texas law).

## III.   The district court's order is an appealable collateral order.

As shown below, all three *Cohen* conditions for application of the collateral

order doctrine—conclusiveness, separability, and unreviewability—are satisfied by

the district court's March 7, 2023 order denying Defendants' anti-SLAPP special

motion to dismiss.

### A.   Condition One: Conclusively Determined.

Here, Plaintiff does not dispute that the first prong of the *Cohen* test is

satisfied.[2] Plaintiff concedes that whether the anti-SLAPP statute bars his claims in

this action was conclusively determined by the district court's order: "Plaintiffs [sic]

posit that the March 7 Order addressed the question of whether the anti-SLAPP

---

[2]An order is "conclusive" if it is not subject to later review or revision by the district
court. *Los Lobos*, 885 F.3d at 665. Under § 13-20-1101(3)(c), an order denying a
special motion to dismiss is conclusive as to whether the claim is barred by the anti-
SLAPP statute because "neither that determination nor the fact of that determination
is admissible in evidence at any later stage of the case or in any subsequent
proceeding, and no burden of proof or degree of proof otherwise applicable is
affected by that determination in any later stage of the case or in any subsequent
proceeding."

statute bars Plaintiff's claims in this action, and that the order conclusively determined that it does not. As a result, Plaintiff believes the first element of the collateral order doctrine likely has been met." Exhibit F to Appellee's Motion to Dismiss at 431. *See also DC Comics*, 706 F.3d at 1013 ("A decision on an anti-SLAPP motion is conclusive as to whether the anti-SLAPP statute requires dismissal of the suit."); *Henry*, 566 F.3d at 174 ("A district court's denial of an Article 971 motion is conclusive as to whether Article 971 mandates dismissal of the suit.").

## B.    Condition Two: Separate from the Merits.

The second *Cohen* condition is that the order appealed from "resolve[d] an important issue completely separate from the merits of the action." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). An order is separate from the merits where it does "not make any step toward final disposition of the merits of the case and will not be merged in final judgment." *Cohen*, 337 U.S. at 546-47. For example, an order denying official immunity is "completely separate" from the merits for purposes of the *Cohen* test even though the court must consider the plaintiff's factual allegations in resolving the immunity issue. *Mitchell v. Forsyth*, 472 U.S. 511, 528-29 (1985).

Plaintiff's principal contention is the district court's determination that "there is a reasonable likelihood that the plaintiff will prevail on the claim" under § 13-20-1101(3) was not a decision that was "separate" from the merits of the action.

Plaintiff argues the district court "engaged in a lengthy fact intensive analysis addressing the merits of the case and applying the statute to those facts" and thus "engaged in a merits-based analysis," such that its "factual inquiry is necessarily merits based." Motion at p. 6.

Despite the superficial allure of such arguments, denial of a special motion to dismiss under § 13-21-1101(3)(a) is separate from a determination on the merits because it determines only whether the statute requires dismissal of a suit to protect the exercise of First Amendment rights. In other words, an order denying an anti-SLAPP motion does not determine the merits of the claim, only whether the claim is brought to interfere with the defendant's constitutional rights. *See Langer v. Kiser*, 57 F.4th 1085, 1105 (9th Cir. 2023) ("'because the purpose of an anti-SLAPP motion is to determine whether the defendant is being forced to defend against a meritless claim' that seeks to intimidate or harass him, 'the anti-SLAPP issue therefore exists separately from the merits of the [underlying] claim itself.'") (quoting *Batzel*, 333 F.3d at 1025).

Similar to § 425.16(b)(3) of California's anti-SLAPP statute, under Colorado's statute, the denial of an anti-SLAPP motion "resolves a question separate from the merits in that it merely finds that such merits may exist, without evaluating whether the plaintiff's claim will succeed." *See Batzel*, 333 F.3d at 1025; § 13-21-1101(3)(c) ("If the court determines that the plaintiff has established a reasonable

likelihood that the plaintiff will prevail on the claim, neither that determination nor the fact of that determination is admissible in evidence at any later stage of the case or in any subsequent proceeding....”). As in *Batzel*, the purpose of an anti-SLAPP motion under § 13-20-1101(3)(a) is distinct from that of the underlying suit; its purpose “is to determine whether the defendant is being forced to defend against a meritless claim,” not to determine whether the defendant actually committed the relevant tort. 333 F.3d at 1025.  “The anti-SLAPP issue therefore exists separately from the merits of the defamation claim itself.” *Id.*; *see also Henry*, 566 F.3d at 175; *NCDR*, 745 P.3d at 749.

As the Fifth Circuit explained, a decision on an anti-SLAPP motion “is not a ruling on the ultimate merits; it is merely tangential to the merits.” *Henry*, 566 F.3d at 176.  A court deciding such a motion “does not ask whether the plaintiff has proved her claim, but whether she has shown a sufficient probability of being able to prove her claim. This is akin to a court determining only that a plaintiff has presented a threshold showing that allows her claim to proceed.” *Id.* Although an anti-SLAPP motion “looks to the plaintiff’s probability of success, the court decides it before proceeding to trial and then moves on. Immediate appellate review would thus determine an issue separate from any issues that remain before the district court.” *Id.* at 175; *see also NCDR*, 745 P.3d at 749.

Moreover, the slight possibility of minimal entanglement is insufficient to

overcome the interests that favor a finding of immediate appealability. As discussed below, § 13-20-1101 aims to serve the substantial public interest of protecting those exercising their First Amendment rights from the chilling effect of defending meritless and abusive lawsuits. It does so by immunizing speakers from suits stemming from the exercise of First Amendment rights, thus preserving both an individual's right to speak and the public's collective interest in free and robust debate. The importance of the interests that § 13-20-1101 serves thus resolves any lingering doubts regarding separability. For these reasons as well, the denial of a § 13-20-1101(3)(a) motion is sufficiently separate from the merits of the underlying case for purposes of the collateral order doctrine. *See Henry*, 566 F.3d at 177.

This particular issue was addressed only in *dicta* in *Los Lobos*, not in depth. The court explained:

> It is one thing for a court to consider a New Mexico anti-SLAPP motion, apply the New Mexico anti-SLAPP statute, and deny the motion under the statute.... In the first scenario, the court must determine whether the special motion to dismiss is frivolous or available on its own terms, as well as whether or not to grant it. These determinations necessarily turn on the merits of the lawsuit.

885 F.3d at 665 (citations omitted). But, as explained above, an order denying an anti-SLAPP motion to dismiss determines only that the lawsuit was not brought to interfere with the defendant's constitutional rights, and any inquiry into the merits needed for this determination is merely "minimal." *See L.S.S*, 523 at 1288. Because, unlike an order denying a Rule 12(b) motion, there is no "law of the case" or

precedential effect of an order denying an anti-SLAPP motion to dismiss, *see* § 13-20-1101(3)(c), such an order is not a step towards a final judgment into which it will merge. Rather, it becomes a ruling that has no further relevance or significance to the merits of the case, and is thus "completely separate" from the merits under the second *Cohen* condition. *See Langer*, 57 F.4th at 1105.

### C.    Condition Three: Effectively Unreviewable.

Plaintiff also does not dispute the third condition of the *Cohen* test is satisfied. Because an anti-SLAPP special motion to dismiss resembles both a Rule 12(b) motion and a summary judgment motion (*Salazar*, 522 P.3d at 248), the district court's order is "effectively unreviewable on appeal from a final judgment" for the same reasons orders denying Rule 12(b) and summary judgment motions are effectively unreviewable from a final judgment. Such orders are only preliminary determinations that a case can move forward. *See Bledsoe v. Vanderbilt*, 934 F.3d 1112, 1121 (10th Cir. 2019) (12(b)(6) denial not appealable); *Snyder v. City of Moab*, 354 F.3d 1179, 1184 n.2 (10th Cir. 2003) (denial of summary judgment based on genuine fact issue unreviewable after trial as dispute over facts has been resolved). Plaintiff's motion does not address this condition. However, analysis of unreviewability as it relates to Colorado's anti-SLAPP statute, which is intended to confer immunity from trial and discovery, demonstrates why the collateral order doctrine should apply to an appeal from an order denying a special motion to dismiss.

In recent years, the Supreme Court expanded on how the "effectively un-reviewable" prong of the *Cohen* test should be evaluated. In particular, it emphasized "[i]t is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later." *Will v. Hallock*, 546 U.S. 345, 353 (2006). In making such an assessment, "the decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk Indus. Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Will*, 546 U.S. at 352-53).

As explained in *Los Lobos*, while the Supreme Court has placed orders denying certain species of immunity among the categories warranting interlocutory review, "an order need not deny an asserted immunity to satisfy *Cohen*'s test." 885 F.3d at 666. Thus, where an anti-SLAPP statute seeks to reduce the ordinary time and expense of litigation (which is "*similar* to a protection from standing trial"), *Los Lobos* explained:

> were we to wait for this case to conclude in the court below by ordinary process, the statute's sole aim would already be lost. Defendants would have already incurred the ordinary time and expense of litigation that the statute potentially grants them a right to avoid. Indeed, we can reverse the rulings of a subordinate court, but we cannot order away proceedings and legal fees that have already passed into history.

*Id.* Because "the New Mexico anti-SLAPP statute aims to nip harassing litigation in the bud, thus protecting potential victims from the effort and expense of carrying on

- 16 -

a frivolous lawsuit," the statute's protections could not be secured after final judgment on the merits because "burdensome legal process has already been brought to bear at that point." *Id*. at 667 (citing *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014)). Although *Los Lobos* did not read New Mexico's anti-SLAPP statute to confer immunity from trial, it nevertheless recognized that if it *did* confer immunity from trial, that "carries some significance as well." *Id.* at 666.

In contrast to New Mexico's anti-SLAPP statute, Colorado's anti-SLAPP statute *is* intended to confer immunity from trial, similar to California's. *See Batzel*, 333 F.3d at 1025. Section 13-20-1101 is intended to protect citizens from having their constitutional rights of free speech and petition chilled by the threat of onerous litigation of improper or abusive tort claims. *See* § 13-20-1101(1)-(2). "Colorado's anti-SLAPP statute seeks to minimize the risk of nonmeritorious lawsuits being used to silence another based on their exercise of First Amendment rights." *Creekside Endodontics*, 527 P.3d at 429; *L.S.S.*, 523 P.3d at 1284-85. Like California's anti-SLAPP law upon which it was modeled, § 13-20-1101 is designed to discourage actions that "masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Batzel*, 333 F.3d at 1024.

To achieve this end, § 13-20-1101 essentially confers immunity from trial on a successful movant. *See Creekside Endodontics*, 527 P.3d at 429. Thus affords a

defendant in a SLAPP suit "not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest." *Will*, 546 U.S. at 353. As the Ninth Circuit stated in construing California's similar anti-SLAPP statute, because the purpose of the statute is to protect defendants from being "compelled to defend against a meritless claim brought to chill rights of free expression," "a defendant's rights under the anti-SLAPP statute are in the nature of immunity: They protect the defendant from the burdens of trial, not merely from ultimate judgments of liability." *Batzel*, 333 F.3d at 1024-25. *See Royalty Network,* 756 F.3d at 1356 (denial of a motion to dismiss for failure to comply with the anti-SLAPP statute "implicates significant constitutional guarantees and values of an exceptionally high order; specifically, the right to freedom of speech and the right to petition the government for redress of grievances."); *Henry*, 566 F.3d at 177 (anti-SLAPP statute purpose is accomplished "by immunizing speakers from suits stemming from the exercise of First Amendment rights, thus preserving both an individual's right to speak and the public's collective interest in free and robust debate.").

The view that the statute confers immunity from discovery is supported by § 13-20-1101(6), which provides that "All discovery proceedings in the action are stayed upon the filing of a notice of motion made pursuant to this section," and that "The stay of discovery remains in effect until notice of entry of the order ruling on the motion." That § 13-20-1101 is intended to confer immunity from trial is further

confirmed by § 13-20-1101(7), which provides for interlocutory appeal of an order denying a special motion to dismiss. This provision authorizing interlocutory appeal demonstrates that the anti-SLAPP statute establishes immunity from suit. *See Wynn v. Bloom*, 852 Fed. Appx. 262, 262 n.1 (9th Cir. 2021); *cf. Englert v. MacDonell*, 551 F.3d 1099, 1106-07 (9th Cir. 2009) (Oregon anti-SLAPP statute is more akin to a defense against liability than immunity from suit, in that it does not provide for any consistent right of immediate appeal from denial of an anti-SLAPP motion).

A defendant who invokes § 13-20-1101(3)(a) and obtains an early ruling granting a special motion to dismiss therefore receives immunity from discovery and trial. Because Colorado's anti-SLAPP statute is thus intended to confer immunity from discovery and trial, the rationale of *Los Lobos* for finding an order denying an anti-SLAPP motion to dismiss "effectively unreviewable" on appeal from a final judgment—that the statute's protections against the effort and expense of carrying on a frivolous lawsuit cannot be secured on appeal from a final judgment—applies even more compellingly to Colorado's statute. By the time of a final judgment, a defendant who has been improperly subjected to a SLAPP suit will have lost the statutory immunity from discovery and trial. The Court should therefore find, as in *Los Lobos*, that the third condition of the collateral order doctrine has been satisfied.

## IV.  Conclusion.

This Court has jurisdiction over this appeal under the collateral order doctrine

because the district court's March 7, 2023 order was conclusive, separate from the merits, and effectively unreviewable on appeal from a final judgment. Because Colorado's anti-SLAPP statute parallels California's, the Ninth Circuit's decisions holding that an order denying an anti-SLAPP motion is immediately appealable under the collateral order doctrine should by followed by this Circuit.

Were the Court to find that an order denying a special motion under § 13-20-11011(3)(a) is not immediately appealable, it would not only deny SLAPP defendants the immunity from discovery and trial contemplated by the statute, it would also result in inconsistent and inequitable administration of the anti-SLAPP statute (as well as encourage forum-shopping of the kind that occurred here), because a defendant sued in federal court would find considerable disadvantage in not being able to obtain the same relief from an order denying an anti-SLAPP motion as a defendant sued in state court. The Court can avoid this unjust result by holding that an order denying a special motion to dismiss is immediately appealable under the collateral order doctrine.

WHEREFORE, Defendants-Appellants respectfully request that the Motion to Dismiss be DENIED.

Respectfully submitted this 11th day of May, 2023.

GORDON REES SCULLY MANSUKHANI LLP

*s/ Thomas B. Quinn*
John R. Mann
Thomas B. Quinn
Melissa A. Wiese
555 17th Street, Suite 3400
Denver, Colorado 80202
(303) 534-5160
jmann@grsm.com
tquinn@grsm.com
mwiese@grsm.com

Attorneys for Defendants-Appellants

**Certification of Compliance with Type-Volume Limit**

1.     This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted from Fed. R. App. P. 32(f), this document contains 5,017 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, ver. 2016, 14 point Times New Roman font style.

*s/ Thomas B. Quinn*
Thomas B. Quinn
Attorney for Defendants-Appellants
May 11, 2023

## CERTIFICATE OF SERVICE

The undersigned does hereby certify pursuant to FED.R.APP.P. 25 that on this 11th day of May, 2023, a true and correct copy of the foregoing was served via the ECF Court filing system to:

Charles J. Cain, Esq.
Bradley A. Kloewer, Esq.
David E. Jennings, Esq.
Zachary H. Bowman, Esq.
303 Colorado St., Ste. 2850
Austin, TX 78701
ccain@cstrial.com
bkloewer@cstrial.com
djennings@cstrial.com
zbowman@cstrial.com

*s/Karla Freeman*