No. 23-1109

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

MAKE YOUR LIFE EPIC LLC dba THRIVETIME SHOW
and CLAYTON THOMAS CLARK, individually,
*Appellants*

vs.

ERIC COOMER, PH.D.,
*Appellee*

On Appeal from the United States District Court for the District of Colorado
Honorable William J. Martinez
No. 1:21-cv-03440-WJM-KLM

### APPELLEE'S RESPONSE TO MOTION TO STAY
### DISTRICT COURT PROCEEDING PENDING APPEAL

Appellee Eric Coomer, Ph.D., files this Response to Appellants' Motion to Stay District Court Proceedings Pending Appeal (the Motion), and states as follows:

### I.  BACKGROUND

Appellants filed their Notice of Appeal of the District Court's March 7, 2023 Order Denying Defendants' Special Motion to Dismiss and Defendants' Motion to Strike on April 6, 2023 (the March 7 Order). See **Ex.** A, March 7 Order.

1

Appellee filed a motion to dismiss the appeal for lack of jurisdiction on April 28, 2023. Appellants responded on May 11, 2023. The Court issued an order on May 12, 2023, that it will not rule on jurisdiction until full briefing is completed by the parties. *See* Doc. 010110859170.

Appellants filed a Motion to Stay Proceedings Pending Appeal in the District Court on April 14, 2023. After full briefing, on May 1, 2023, the District Court denied Appellants' Motion. *See* **Ex. B**, Order Denying Defendants' Motion to Stay Proceedings Pending Appeal.

On May 10, 2023, Appellants filed a substantially similar motion for stay before this Court, and it should be denied under the same reasoning used by the District Court. *See* **Ex. B**.[1] Appellants' own motion asserts that if this Court grants Appellee's motion to dismiss, their motion will be moot, but that if the motion to dismiss is denied, a stay should be entered. Motion, at p. 3. But this Court has already determined it will carry the motion to dismiss with full briefing and has neither denied nor granted the motion to dismiss. Doc. 010110859170. At the very least, if the Court does not outright deny Appellant's motion for a stay, it should be carried with the full briefing just like the motion to dismiss. But the Court nevertheless can easily deny the motion for the same reasons as the District Court.

---

[1] "[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002).

Colorado's anti-SLAPP statute does not provide Appellants with an automatic right to a stay during the pendency of appeal in federal court. The District Court's Order also does not satisfy the collateral order doctrine or support divesting the district court's jurisdiction. Finally, a stay would be directly contrary to the purpose of the anti-SLAPP statute because Appellee is entitled to discovery in furtherance of his meritorious claims for demonstrable injury.

## II.     ARGUMENT

**A.     The Colorado anti-SLAPP statute does not provide Appellants a right to a stay during their attempted appeal from a federal district court's denial of their motion to dismiss.**

Appellants themselves note the statute provides that "All discovery proceedings in the action are stayed upon the filing of a notice of motion made pursuant to this section . . . The stay of discovery remains in effect *until notice of entry of the order ruling on the motion*." C.R.S. § 13-20-1101(6) (emphasis added). The statute also only grants the right to appeal for "an order granting or denying a special motion to dismiss . . . *to the Colorado court of appeals* pursuant to section 13-4-102.2." C.R.S. § 13-20-1101(7) (emphasis added).

"State laws that solely address procedure and do not 'function as part of the State's definition of substantive rights and remedies' are inapplicable in federal diversity actions." *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668 (10th Cir. 2018). Like the New Mexico anti-SLAPP statute

considered in *Los Lobos*, the Colorado anti-SLAPP statute is "not designed to influence the *outcome* of an alleged SLAPP suit but only the *timing* of that outcome." *Id.* at 673. In *Los Lobos*, this Court explained:

> . . . the statute provides a movant the "right" to have a trial court promptly review the merits of the case (and, if necessary, the "right" to have an appellate court do so as well), so as to limit any harm engendered by the "baseless" lawsuit defined in N.M. Stat. Ann. § 38-2-9.2. But rest assured, if the merits of the case justify liability, a defendant will be held liable notwithstanding the anti-SLAPP statute, unless the defendant presents a successful defense wholly unrelated to the anti-SLAPP statute. A defendant's reliance on § 38-2-9.1 will not alter the suit's outcome because it does not provide a defendant the right to avoid liability apart from a separate determination of the suit's underlying merits. The proper course is to recognize the New Mexico anti-SLAPP statute as a procedural mechanism for vindicating existing rights and nothing more.

*Id.* at 673-74.

In other words, the New Mexico anti-SLAPP statute did not grant any substantive rights to a litigant (recognizing other anti-SLAPP statutes might), but merely alters how claims are processed. *Id.* at 670. The New Mexico anti-SLAPP statute similarly provides for an "expedited appeal" from a court's ruling on the anti-SLAPP motion. *See* N.M. Stat. Ann. § 38-2-9.1.

Here, the Colorado anti-SLAPP statute only provides a right to appeal "to the Colorado Court of Appeals," not the Tenth Circuit or any federal court of appeals. The statute similarly grants litigants a *procedural* right to appeal as the New Mexico anti-SLAPP statute. *See* N.M. Stat. Ann. § 38-2-9.1. Therefore, under this Court's

holding in *Los Lobos*, Appellants have no procedural right to appeal in federal court under the Colorado anti-SLAPP statute because federal law governs that right. Consequently, Appellants cannot be entitled to a stay in federal court based on an appeal (which under the statute, could only be filed in a Colorado court of appeals).

In *Moreau v. United States Olympic & Paralympic Comm.*, -- F. Supp.3d --, 2022 WL 17081329, at *4 (D. Colo. Nov. 18, 2022), the Court found that based on its reading of California and Ninth Circuit law, the stay mandated by the state anti-SLAPP statute did not automatically apply in federal courts:

> The Ninth Circuit and other California federal courts have held that this provision in California's anti-SLAPP statute would conflict with the Federal Rules of Civil Procedure, and for this reason have declined to enforce this provision as a categorical and immediate discovery stay when adjudicating anti-SLAPP motions in federal court.

Again, Appellants cannot show the stay provided for in the Colorado anti-SLAPP statute during the pendency of this appeal. The statute only provides for appeals to the Colorado courts of appeals, only applies for a stay until an order on the special motion, and the stay provision should not apply in federal courts.

**B.  This Court's holding in *Stewart* does not grant Appellants the right to a stay because the district court's order does not satisfy the collateral order doctrine.**

Appellants continue to argue, as they did below, that this Court's holding in *Stewart* divests the trial court of jurisdiction to continue the underlying proceeding.

But just as the district court held, Appellants "attempt to stretch *Stewart* beyond what the court's holding in that case can reasonably bear." **Ex. B**, at p. 5.

The collateral order doctrine is an *exception* to the general rule that "courts of appeals have no jurisdiction to review orders of the district court until there is a 'final decision' from the district court under 28 U.S.C. § 1291." *Id.* at 574. The doctrine only "accommodates a 'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action." *Will v. Hallock*, 546 U.S. 345, 349 (2006). This Court's decision in *Stewart* narrowly held that:

> When the interlocutory appeal is from the denial of a motion to dismiss an *indictment on double jeopardy* or from the denial of a motion for summary judgment based on *qualified immunity*, the central issue in the appeal is the defendant's asserted right not to have to proceed to trial.

*Stewart v. Donges*, 915 F.2d 572, 573 (10th Cir. 1990) (emphasis added).

But the order below obviously does not involve dismissal of an indictment on double jeopardy or the denial of a motion for summary judgment based on qualified immunity. A special motion to dismiss under the anti-SLAPP statute is merely an *early* attempt to dismiss meritless lawsuits under either a Rule 12 motion to dismiss or Rule 56 summary judgment-like standard. *See Los Lobos*, 885 F.3d at 668 (holding the New Mexico anti-SLAPP was ""not designed to influence the *outcome* of an alleged SLAPP suit but only the *timing* of that outcome."). The district court's order denying the motion noted it was reviewing it under a summary judgment

6

standard because the motion amounted to a factual challenge to Appellees' claims. **Ex. A**, March 7 Order, at p. 16 (citing *Moreau*, 2022 WL 17081329, at *7).

Thus, the only basis to confer appellate jurisdiction and divest the trial court of jurisdiction is through narrowly limited types of "collateral" interlocutory orders. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541 (1949). To fall into this category of decisions, "an appellant 'must establish that the district court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment.'" *Arbogast v. Kansas, Dep't of Labor*, 789 F.3d 1174, 1179-80 (10th Cir. 2015). It is Appellants' burden to establish each element of the "stringent" collateral order doctrine in support of a stay. *See Kell v. Benzon*, 925 F.3d 448, 452 (10th Cir. 2019) (*citing Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 997 (10th Cir. 1996) (stating that the collateral order doctrine "does not apply unless each of the three requirements are met.")).

This Court's jurisdiction over this matter obviously fails under the second element, because the underlying order was issued under Rule 56 standards and directly considered the merits of the case. *See* **Ex. A**, March 7 Order, at p. 11 (applying the standards of Rule 56 to Appellants' factual challenge to Appellee's claims) (citing *Sweetwater Union High Sch. Dist. v. Gilbane Bldg. Co.*, 434 P.3d 1152, 1163 (Cal. 2019) ("To strike a complaint for failure to meet evidentiary

obstacles that may be overcome at trial would not serve the SLAPP Act's protective purposes."). The collateral order doctrine only applies when the order appealed involves an important issue that is *not intertwined* with the merits. *Kell*, 925 F.3d at 453 (*citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)).

This Court's recent decision in *Los Lobos* is instructive. In *Los Lobos*, the defendants filed a motion to dismiss the plaintiffs' complaint pursuant to New Mexico's anti-SLAPP statute. In response, the plaintiff argued that the New Mexico anti-SLAPP statute did not apply in federal court, and the district court agreed. *Los Lobos*, 885 F.3d at 665. This Court then held that the district court's decision that the statute did not apply satisfied the collateral order doctrine, but distinguished that an order on the merits of such a motion would be treated differently. This Court stated:

> *It is one thing for a court to consider a New Mexico anti-SLAPP motion, apply the New Mexico anti-SLAPP statute, and deny the motion under the statute. Cf., e.g., Schwern v. Plunkett*, 845 F.3d 1241, 1243-45 (9th Cir. 2017) (Oregon law); *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-81 (5th Cir. 2009) (Louisiana law). *It is entirely a different matter for the court to refuse to apply the anti-SLAPP statute at all. In the first scenario, the court must determine whether the special motion to dismiss is frivolous or available on its own terms, as well as whether or not to grant it. See* N.M. Stat. § 38-2-9.1A-B. *These determinations necessarily turn on the merits of the lawsuit. See Ernst v. Carrigan*, 814 F.3d 116, 118-19 (2d. Cir. 2016).

*Id*. (emphasis added).

This Court then allowed the interlocutory appeal to proceed because the district court's order turned on the latter scenario described above, *not* the former, which the Tenth Circuit expressly held necessarily implicates the merits of the dispute.

Here, there can be no dispute that the March 7 Order considered Colorado's anti-SLAPP statute and denied Appellants' motion under the statute. *See* **Ex. A**. The district court spent several pages considering the statute, (**Ex. A**, March 7 Order at pp. 5-11, 16-17), and then engaged in a lengthy fact intensive analysis addressing the merits of the case and applying the statute to those facts (**Ex. A**, March 7 Order at pp. 12-16, 17-25). That the Court engaged in a merits-based analysis is further supported by reference to the standards on which the Court based its ruling. As the Court expressly noted, "[b]ecause the Court finds Defendants' challenge is factual in nature, it holds that the Rule 56 standard and approach applies." *Id*. at p. 16 (*citing Moreau*, 2022 WL 17081329, at *7, 10-12) (outlining how a motion asserted on legal grounds should be governed by Rule 12, while factual grounds should be judged under Rule 56). This factual inquiry is necessarily merits based, as discussed in *Los Lobos*.

Appellee is not aware of any subsequent Tenth Circuit case overturning the express finding in *Los Lobos*[2] that an order such as that at issue here necessarily turns on the merits of the lawsuit, thus disqualifying it from appellate consideration under the collateral order doctrine. Appellants therefore have no basis to apply a stay during the pendency of their appeal, which should also be dismissed pursuant to Appellee's motion.

**C.     A stay would be directly contrary to the intent of § 13-21-1101.**

Appellants repeatedly assert that granting their stay is in the interests of justice and serves the purpose of the anti-SLAPP statute. True, the anti-SLAPP statute provides that "[a]ll discovery proceedings in the action are stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery remains in effect until notice of entry of the order ruling on the motion." C.R.S. § 13-20-1101(6). But Appellants omit the last sentence of that provision in their Motion, which states, "The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subsection (6)." Consequently, the statute expressly contemplates that discovery may, under certain

---

[2] Appellee acknowledges potential contrary authority from the Ninth Circuit. *See DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009 (9th Cir. 2013). However, this ruling was not referenced by the Tenth Circuit in *Los Lobos*.

conditions, proceed during the pendency of an anti-SLAPP motion even prior to the Court's ruling on the motion.

Appellants also maintain that denying their stay would be counter to the purpose of the anti-SLAPP statute. But Appellants again fail to acknowledge that while the purpose of the statute "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law," it also serves "*to protect the rights of persons to file meritorious lawsuits for demonstrable injury*." C.R.S. § 13-20-1101(1)(b) (emphasis added).

Dr. Coomer's case is not a situation where Appellants are having to defend against a meritless claim brought to chill rights of free expression. Appellants' appeal from the denial of their anti-SLAPP motion will serve only to delay proceedings while Dr. Coomer continues to suffer the consequences of Appellants' defamatory statements, which has included credible death threats. *See* **Ex. A**, March 7 Order, at pp. 3, 21. The dilatory nature of meritless anti-SLAPP motions have not gone unnoticed by other courts, and Appellants' anti-SLAPP motion here is no different. *See Hewlett-Packard Co. v. Oracle Corp.*, 191 Cal. Rptr. 3d 807, 814-15 (Cal. App. 2015) (disapproving of the proliferation of meritless anti-SLAPP motions in part because of the potential "free time-out" from further litigation); *Moriarty v. Laramar Mgmt. Corp.*, 168 Cal. Rptr. 3d 461, 463 (Cal. App. 2014)

("Another appeal in an anti–SLAPP case. Another appeal by a defendant whose anti–SLAPP motion failed below. Another appeal that, assuming it has no merit, will result in an inordinate delay of the plaintiff's case and cause him to incur more unnecessary attorney fees."). This case has been on file since November 22, 2021, and Appellee has just now served discovery on Appellants in the underlying proceeding. The case should be allowed to proceed forward so that Dr. Coomer can obtain meaningful discovery in furtherance of his claims.

### III.  CONCLUSION

Appellants have failed to show how the Colorado anti-SLAPP statute entitles them to stay during appeal of the denial of their motion, or how federal law supports the application of a stay. Appellants have failed to satisfy the narrowly prescribed elements for application of the collateral order doctrine. And Appellants have failed to show how a stay ultimately serves the purpose of the anti-SLAPP statute, when in effect they have already enjoyed a stay from discovery during the pendency of their motion in the underlying proceeding. Staying discovery or proceedings any further is not even arguably in the best interest of justice or good policy. Therefore, Appellee Eric Coomer, Ph.D. respectfully requests that the Court deny Appellants' Motion to Stay Proceedings Pending Appeal.

Respectfully submitted this 25th day of May 2023.

       */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
David E. Jennings, No. 54643
djennings@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011—Facsimile

Zachary H. Bowman
zbowman@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 27(d)(2)

I hereby certify the foregoing response complies with applicable type volume limitations, specifically F.R.A.P. 27(d)(2), which holds that a response is acceptable if it contains no more than 5,200 words. This response contains 2,824 words.

       */s/ Charles J. Cain*
Charles J. Cain, No. 51020

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 25, 2023, a true and correct copy of the foregoing Appellee's Response to Appellants' Motion to Stay District Court Proceeding was filed with the Court using the CM/ECF Filing System which will send notification of such filing to:

> Thomas B. Quinn
> tquinn@grsm.com
> Melissa A. Wiese
> mwiese@grsm.com
> Gordon Rees Scully Mansukhani LLP
> 555 17th Street, Suite 3400
> Denver, Colorado 80202
> 303-534-5160
> ***Counsel for Appellants***

                                                */s/ Charles J. Cain*
                                          Charles J. Cain, No. 51020